UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SAM CALLOWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:23-CV-338-TAV-DCP ) |
| MONSANTO COMPANY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment [Doc. 16]. Plaintiff has not responded, and the time for doing so has long expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, defendant's motion for summary judgment [Doc. 16] will be **GRANTED** and this case will be **DISMISSED**. Defendant's motion to stay and for a continuance [Doc. 20] will therefore be **DENIED as moot**.

### I. Background

Plaintiff brings this products liability action, alleging that, as a result to being exposed to the herbicide Roundup, and specifically, its active ingredient, glyphosate, he developed bladder cancer in 2020 [Doc. 2]. Plaintiff raises claims of strict liability for a design defect and failure to warn, negligence, fraud, breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose [*Id.*].

## II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the initial burden of informing the court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party can satisfy this burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

To successfully oppose a motion for summary judgment, "[t]he non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986)). A party opposing a Rule 56 motion has the duty to affirmatively present and point out *specific evidence in the record* sufficient to justify a jury decision in his favor. *See* Fed. R. Civ. P. 56(c)(1); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *Anderson*, 477 U.S. at 256. The nonmoving party cannot simply rely on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. And merely alleging that a factual dispute exists

cannot defeat a properly supported motion for summary judgment. *Id.* Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248; *accord McLemore v. Gumucio*, 619 F. Supp. 3d 816, 823 (M.D. Tenn. 2021).

Under Federal Rule of Civil Procedure 56(e), if a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion and may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e). Here, Plaintiff has not responded, and the deadline for a response has long passed. Accordingly, the Court will consider the facts presented by defendant, to the extent that they are supported by the evidentiary materials submitted with the motion, as undisputed.

**III.  Analysis**

Product liability suits in Tennessee are governed by the Tennessee Products Liability Act ("TPLA"), which provides that "[a] manufacturer or seller of a product shall not be liable for any injury to a person . . . caused by a product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a). In this case, plaintiff brings claims of strict liability, negligence, failure to warn, fraud, and breach of warranty, which are subsumed by the TPLA regardless of the substantive theory of recovery. *See Strayhorn v. Wyeth Pharm., Inc.*, 882 F. Supp. 2d 1020, 1028 (W.D. Tenn.

3

2012) (finding that the TPLA's definition of "product liability action" was "cast so expansively as to cover claims related to a defective product under legal theories of many kinds, whether sounding in negligence, misrepresentation, or breach of warranty").

When sitting in diversity, the Sixth Circuit has set forth the requirements to establish a prima facie products liability case: "the plaintiff must show: (1) the product was defective and/or unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer's control, and (3) the plaintiff's injury was proximately caused by the defective product." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *King v. Danek Med.*, 37 S.W.3d 429, 435 (Tenn. Ct. App. 2000)). At issue here is whether plaintiff can establish the proximate causation element.

Generally, "under Tennessee law, medical causation must be established by expert testimony." *Tomazin v. Lincare, Inc.*, No. 3:13-cv-875, 2015 WL 4545658, at *12 (M.D. Tenn. July 27, 2015); *see also Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001) ("As a general rule, the causation of a medical condition must be established by testimony from a medical expert."); *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 2798, 283 (Tenn. 1991) ("Medical causation . . . must be established in most cases by expert medical testimony"); *Downs v. Perstorp Components, Inc.*, 126 F. Supp. 2d 1090, 1094–95 (E.D. Tenn. 1999) (setting forth the requirements of an expert's causation analysis in toxic tort cases). Indeed, in this case, where plaintiff alleges that the chemical components of the product at issue caused his bladder cancer, it appears that the causation element could only be met by presenting expert testimony about both general causation

4

(that the chemical component is capable of causing cancer), and specific causation (that the chemical component is the cause of plaintiff's specific medical condition). Such opinions would necessarily involve "scientific, technical, or other specialized knowledge," that would require testimony from an expert, rather than a lay, witness. *See* Fed. R. Evid. 701, 702.

The undisputed evidence here shows that plaintiff has not provided any expert disclosures, despite the expiration of the deadline for such under the Court's scheduling order [Doc. 17]. Nor has plaintiff sought any extension of time to disclose expert testimony. Indeed, plaintiff has not even responded to the instant motion for summary judgment to assert that he could establish a genuine issue of material fact as to causation in any manner. Accordingly, on the record before it, the Court finds that no genuine issue of material exists as to whether plaintiff can establish the causation element in this case. Defendant's motion for summary judgment [Doc. 16] will therefore be **GRANTED**.

### IV. Conclusion

For the reasons set forth above, defendant's motion for summary judgment [Doc. 16] is **GRANTED** and this case is **DISMISSED**. Defendant's motion to stay and for a continuance [Doc. 20] will therefore be **DENIED as moot**. A separate judgment order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE